UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL C. STOVALL,        )<br>                           )<br>        Plaintiff,          )<br>                           )<br>        v.                 )        No. 2:24-cv-00025-JPH-MJD<br>                           )<br>VANIHEL, et al.,           )<br>                           )<br>        Defendants.        )   | |

**ORDER SCREENING COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Daniel C. Stovall alleges deliberate indifference to his serious medical needs while incarcerated at Wabash Valley Correctional Facility (WVCF). Because he is a prisoner, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

1

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Stovall asserts claims for damages against the Indiana Department of Correction (IDOC), WVCF, Warden Vanihel, Dr. Bird, and "Medical Contractor," which the Court understands to be Centurion Health of Indiana, LLC, which contracts to provide medical care to WVCF inmates. His claims are based on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Stovall injured his knee during a fall in November 2023 and has been experiencing pain and decreased mobility ever since. He has been told by an outside provider that he should have an MRI, but he has not been sent for one by WVCF medical staff. He seeks monetary damages.

## III. Discussion of Claims

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

Claims against the Indiana Department of Correction are **dismissed** for **failure to state a claim** upon which relief may be granted. A state agency is not a "person" who can be sued under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons'

within the meaning of section 1983 . . . ."); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.").

Claims against Wabash Valley Correctional Facility are **dismissed** for **failure to state a claim** upon which relief can be granted because it is a building, not a suable entity under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018).

Claims against Warden Vanihel and Dr. Bird are also **dismissed** for **failure to state a claim** upon which relief may be granted. "Liability under [42 U.S.C.] § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). No allegation in the complaint supports an inference that Warden Vanihel or Dr. Bird had any involvement in Mr. Stovall's medical care or any knowledge of his complaints. Mr. Stovall lists their titles (Warden and "Head Doctor"), but he does not specify their conduct or otherwise demonstrate their personal involvement in his alleged deprivation. Their names also do not appear in any of the exhibits attached to Mr. Stovall's complaint. *See* dkt. 1-1 at 1–27.

Claims against Centurion are also **dismissed** for **failure to state a claim** upon which relief may be granted. Although a private entity, Centurion acts under color of state law by contracting to provide medical care to inmates, so it is treated as a government entity for purposes of constitutional claims under 42 U.S.C. § 1983. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against Centurion, Mr. Stovall must allege that he suffered a constitutional deprivation as the result of a corporate policy, practice, or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 966 (7th Cir. 2019) ("Prevailing on [a *Monell*] claim requires evidence that a Wexford policy, practice, or custom caused a constitutional violation."). Mr. Stovall alleges that he has been denied an MRI, but no allegations support an inference that the denial was caused by any Centurion policy or practice.

### IV. Conclusion and Further Proceedings

For the reasons noted in Part III, the complaint is **dismissed** for **failure to state a claim** upon which relief may be granted.

Mr. Stovall will have **through December 6, 2024**, to file an amended complaint that corrects the deficiencies noted in Part III or otherwise supports a reasonable inference that a defendant is personally involved in or responsible for violating his rights. Failure to file an amended complaint in the time provided will result in the dismissal of this action and the entry of final judgment without further warning or opportunity to show cause.

The amended complaint will completely replace the original and therefore must include every defendant, claim, and supporting allegation Mr. Stovall wishes to pursue. It must include the case number and the title "Amended Complaint" on the first page.

**SO ORDERED.**

Date: 11/8/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANIEL C. STOVALL
961380
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838