UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL C. STOVALL, Plaintiff, | ) | |
| v. | ) | No. 2:24-cv-00025-JRO-MJD |
| DR. BYRD, Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTION FOR MEDICAL MALPRACTICE CLAIM**

On August 6, 2026, the Court granted Defendant Dr. Byrd's motion for summary judgment on Plaintiff Daniel Stovall's federal civil rights claims and ordered the parties to show cause why the Court should not relinquish supplemental jurisdiction over Stovall's state law medical malpractice claim. Dkt. 94. In doing so, the Court explained that in the Seventh Circuit, "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999). The Court may deviate from this usual practice if the statute of limitations would prohibit the plaintiff from filing the lawsuit in state court, the parties have expended significant resources litigating the state law claim, or it is absolutely clear how the state law claim should be resolved. *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008). After the parties did not show cause why the Court should not relinquish jurisdiction, the Court dismissed the state law claim without prejudice and directed the entry of final judgment. Dkt. 96.

Stovall now moves to litigate the state law claim in federal court. Dkt. 98.[1] This motion must be denied. Aside from restating his arguments against Dr. Byrd, Stovall has not shown why the Court should not follow the usual practice of relinquishing supplemental jurisdiction over state law claims after all of the federal claims in a lawsuit have been dismissed before trial. As the Court explained in its previous order, the statute of limitations does not prohibit Stovall from filing his state law claim in state court. *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998); *Eads v. Community Hosp.*, 932 N.E.2d 1239, 1243–44 (Ind. 2010). Also, because the parties did not brief the state law claim in their summary judgment filings, they have not expended any resources litigating the claim and it is not absolutely clear how the claim should be resolved.

Accordingly, the Court **DENIES** Stovall's Motion for Medical Malpractice Claim, dkt. [98].

**SO ORDERED.**

Date: 10/23/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

[1] Stovall's motion shows that he signed it on September 2, 2026, which was before the Court's deadline to show cause. Following the prison mailbox rule, the Court will consider the motion as though it were filed on the day it was given to prison staff for mailing, not the date it was filed on the docket. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *Ingram v. Jones*, 507 F.3d 640, 643-45 (7th Cir. 2007).

Distribution:

DANIEL C. STOVALL
961380
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jeffrey Nicholas Harkey
Sandberg Phoenix & von Gontard
jharkey@sandbergphoenix.com

Timothy Charles Sansone
Sandberg Phoenix & von Gontard
tsansone@sandbergphoenix.com